# EXHIBIT 1



**OFFICE OF THE ATTORNEY GENERAL**
**CONSUMER PROTECTION DIVISION**

# CIVIL INVESTIGATIVE DEMAND

**TO:** Twitter, Inc.
1355 Market Street, Suite 900
San Francisco, CA 94103

Pursuant to this office's specific authority under section 17.61 of the Texas Deceptive Trade Practices – Consumer Protection Act, sections 17.41-.63, Texas Business and Commerce Code ("DTPA"), you are hereby directed to produce the items listed in Exhibit "C" attached hereto. Such production is governed by the instructions and definitions on this page and subsequent pages.

You are to make available the documentary material described in Exhibit "C" to the undersigned Assistant Attorney General, or other authorized agent(s) identified by the Consumer Protection Division ("Division"). This documentary material shall be produced by February 2, 2021, ("return date") for inspection and copying. You may deliver true copies of the requested documents by the return date in lieu of producing the originals for inspection and copying. Copies of the requested materials may be sent to the Authorized Agent(s) below at the Office of the Attorney General, P.O. Box 12548 (MC-076), Austin, TX 78711-2548.

This Civil Investigative Demand is relevant to the subject matter of an investigation of possible violations of sections 17.46(a) and (b) of the DTPA in Twitter's representations and practices regarding what can be posted on its platform.

> **TAKE NOTICE THAT pursuant to § 17.62, TEX. BUS. & COM. CODE, any person who attempts to avoid, evade, or prevent compliance, in whole or in part, with this directive by removing, concealing, withholding, destroying, mutilating, altering, or by any other means falsifying any documentary material may be guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000.00 or by confinement in the county jail for not more than one year, or both.**

**ISSUED THIS 13th day of January, 2021.**

_____/s/_____
**C. Brad Schuelke**
**Assistant Attorney General**
**P.O. Box 12548 (MC-076)**
**Austin, Texas 78711-2548**
**(512) 463-2185**

# EXHIBIT A—Definitions

## Definitions

1. "**Content**" means any and all information or media, including but not limited to text, picture files, video files, or audio files.

2. "**Content moderation**" means any action taken by You, including but limited to policies, human review processes, algorithms and machine learning, to limit, control or prevent the display of content on your platform, or to limit, control or prevent access to content on your platform.

3. "**Document**" means the original and all non-identical copies (whether different from the original because of notes, underlining, attachments, or otherwise) of all computer files, and all written, printed, graphic or recorded material of every kind, regardless of authorship. It includes communications in words, symbols, pictures, photographs, sounds, films, and tapes, as well as electronically stored information, computer files, together with all codes and/or programming instructions and other materials necessary to understand and use such systems. The term "computer files" includes information stored in or accessible through computers or other information retrieval systems and includes but is not limited to drafts of documents, metadata, embedded, hidden and other bibliographic or historical data describing or relating to documents created, revised, or distributed on computer systems, as well as spreadsheets and their underlying cell formulae and other codes. Thus, you should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, phones, pagers, personal data/digital assistants, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off your premises. This definition covers electronic mail messages ("e-mail"), text messages, voice mail, and all other documents in the possession of you and/or your directors, officers, managers, or employees, whether located at their home or office, whether on work or personal devices. Notice: Unless otherwise specified, the term "document" excludes bills of lading, invoices in non-electronic form, customs declarations, purchase orders, and other similar documents of a purely transactional nature, and also excludes architectural plans and engineering blueprints.

4. "**Entity**" means legal or business entity of any kind and includes, without limitation, corporations, partnerships, joint ventures, associations, governmental bodies, and trusts.

5. "**Identify**" means

    a.   Regarding an individual, to identify that individual's:
        i.   name;

    ii. title;

    iii. present business affiliation;

    iv. current or last known telephone numbers at business and home; and

    v. current or last known business and home addresses.

  b. Regarding a Person other than an individual, to identify:

    i. its full name;

    ii. the nature of its organization;

    iii. the address and telephone number of its principal offices and, if applicable, the state in which it is incorporated; and

    iv. its principal line of business or activity.

  c. Regarding any other tangible thing, to identify:

    i. what it is, giving a reasonably detailed description thereof;

    ii. when, where, and how it was made, if applicable;

    iii. who made it, if applicable; and

    iv. its current custodian or the person that had last known possession, custody, or control thereof

6. "**Including**" means including, but not limited to.

7. "**Person**" means any individual person or entity.

8. "**Platform**" means any website or resource managed or controlled by You on which you permit third-parties to post content or access content.

9. "**Post**" means to upload, copy, link or otherwise make available content.

10. "**Relate**," "**related**," and "**relating**" mean being in any way legally, logically, or factually connected with the subject matter of the request at issue.

11. "**User**" means a person who accesses or posts content on the platform, including but not limited to persons who post or access advertising content.

12. "**You**" and "**Your**" shall mean Twitter, Inc. and all of its parent companies, subsidiary companies, sister companies, and other entities owned, controlled, or directed by Twitter, Inc.

13. The words "**and**" and "**or**" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the request, any document(s) that might be deemed outside its scope by another construction.

14. Unless the context otherwise clearly indicates, words used in the singular include the plural, the plural includes the singular, and the neuter gender includes the masculine and the feminine.

# EXHIBIT B—Instructions

1. **Read These Instruction/Definitions.** Read these instructions and definitions carefully.

2. **Meet and Confer**: Please contact the undersigned, as soon as possible to schedule a meeting (telephonic or in person) in order to discuss compliance and to address and attempt to resolve all issues, including issues related to protected status, the form and manner in which claims of protected status will be asserted, the submission of Electronic Stored Information, and any proposed modifications limiting the scope of the required search or response for any request.

3. **Duty to Preserve Documents**. All documents and/or other data which relate to the subject matter or requests of this Civil Investigative Demand must be preserved. *Any ongoing, scheduled or other process of document or data destruction involving such documents or data must cease even if it is your normal or routine course of business for you to delete or destroy such documents or data and even if you believe such documents or data are protected from discovery by privilege or otherwise.* Failure to preserve such documents or data may result in legal action and may be regarded as spoliation of evidence under applicable law.

4. **Relevant Dates**. Unless otherwise noted, the requests in this Civil Investigative Demand require production of documents for each year from January 1, 2017, to the date you received this Civil Investigative Demand, herein called "the relevant time period."

5. **Custody & Control.** In responding to this Civil Investigative Demand, you are required to produce not only all requested documents in your physical possession, but also all requested documents within your custody and control, including those within the possession of persons reasonably available to you or under your direction or control.

6. **Identification of Documents not in Custody or Control.** If any responsive document was, but no longer is, in your possession, custody or control, produce a description of each such document. The description shall include the following:

    a. The name of each author, sender, creator, and initiator of such document;
    b. the name of each recipient, addressee, or party for whom such document was intended;
    c. the date the document was created;
    d. the date(s) the document was in use;
    e. a detailed description of the content of the document;
    f. the reason it is no longer in your possession, custody or control; and

    g.    the document's present whereabouts.

If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the destruction or disposal.

7. **Privileged Documents**. If any responsive document is withheld, in whole or in part, under any claim of privilege, provide a detailed privilege log that contains at least the following information for each document or partial document that you have withheld:

   a. the document's control numbers;
   b. all authors of the document;
   c. all addressees of the document;
   d. all recipients of the document or of any copies of the document, to the extent not included among the document's addressees;
   e. the date of the document;
   f. a description of the subject matter of the document sufficient to determine the applicability of the privilege;
   g. the nature or type of the privilege that is being asserted for the document (e.g., "attorney-client privilege");
   h. the specification(s) of the Demand to which the document is responsive;
   i. the document control number(s) of any attachments to the document, regardless of whether any privilege is being asserted for such attachment(s); and
   j. whether the document has been produced in redacted form, and if so, the range of the control numbers for the document.

8. **Trade Secrets.** It is your responsibility to clearly designate which, if any, of the requested documents contain trade secrets, in accordance with Section 17.61(f) of the Texas Business & Commerce Code.

9. **Production of Electronic Stored Information.** Before you prepare documents or information for production in electronic form in order to comply with this Civil Investigative Demand (for example, before you attempt to process electronically stored information or image hard copy documents), you must consult with the undersigned and reach agreement regarding the format and method of production. Unless otherwise agreed to in writing by the designated OAG representative, electronically stored information shall be produced in electronic form.

10. **Non-identical Copies to be Produced.** Identical copies of responsive documents need not be produced. However, any copy of a document that differs in any manner, including but not limited to the presence of handwritten notations, different senders or recipients, etc. shall be produced.

11. **No Redaction**. All materials or documents produced in response to this Civil Investigative Demand shall be produced, except as deemed privileged, in complete unabridged, unedited and un-redacted form, even if portions may contain information not explicitly requested, or might include interim or final editions of a document.

12. **Document Organization.** Each document and other tangible thing produced shall be clearly designated as to which Request, and each sub-part of a Request, that it satisfies. The documents produced shall be identified and segregated to correspond with the number and subsection of the request.

13. **Sensitive Personally Identifiable Information:** If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production.

14. In any situation in which it is not clear in which capacity you are responding, you are to designate all relevant capacities.

15. If responses to any request are different for more than one group or category of persons, please respond separately for each relevant category or group of persons and clearly identify to whom each response is applicable. By way of example only, if your content moderation policies and practices are different for advertising users as compared to non-advertising users, respond to each request separately for advertising users and non-advertising users.

16. All document requests are continuing in nature so as to require supplementary documents if you obtain further responsive documents.

# EXHIBIT C

### Requests

1. Produce a copy of all terms of use, terms of service, or other terms to which users must agree in order to post or access content on your platform, including but not limited to all revised documents relating to terms of use, terms of service, or other terms to which users must agree during the time from January 1, 2017 to the present. For each version of terms produced in response to this request, indicate the time frame during which it was in use.
2. Produce a copy of all your policies and procedures related to content moderation on your platform, including any policies or procedures that limit the reach or visibility of content intended for public viewers, including but not limited to all revised policies and procedures related to content moderation on the platform during the time from January 1, 2017 to the present. For each version of terms produced in response to this request, indicate the time frame during which it was in use.
3. Produce a copy of all public statements you have made regarding your policies and/or procedures related to content moderation on the platform, including but not limited to statements made or caused to be made to the media, to advertisers, to legislators, and on your website and/or blog during the time from January 1, 2017 to the present.
4. Produce a copy of all communications you have had, between January 1, 2019, and the present, with the social media platform Parler.com, Parler, Inc., or any of its owners, employees, or agents.
5. Produce a copy of all communications, internal and to third parties, you have had, between January 1, 2019, and the present, regarding the social media platform Parler.com or Parler, Inc. Include but do not limit your response to any communications with governmental entities, Google LLC, Apple Inc., Facebook, Inc., and Amazon Web Services, Inc.