| | |
|---|---|
| PATRICK J. CAROME (*pro hac vice* pending)<br>patrick.carome@wilmerhale.com<br>ARI HOLTZBLATT (*pro hac vice* pending)<br>ari.holtzblatt@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, D.C. 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>PETER G. NEIMAN (*pro hac vice* pending)<br>peter.neiman@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>250 Greenwich St., 45 Floor<br>New York, New York 10007<br>Telephone: (212) 295-6487<br>Facsimile: (202) 663-6363 | MARK D. FLANAGAN<br>CA Bar No. 130303<br>mark.flanagan@wilmerhale.com<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>*Attorneys for Plaintiff*<br>**TWITTER, INC.** |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>KEN PAXTON,<br>in his official capacity as Attorney General of Texas<br><br>                    Defendant. | Case No. 3:21-cv-01644<br><br>**DECLARATION OF HAYDEN SCHOTTLAENDER IN SUPPORT OF PLAINTIFF TWITTER, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER** |

# DECLARATION OF HAYDEN SCHOTTLAENDER

I, Hayden Schottlaender, declare as follows:

1. I am an attorney at Perkins Coie LLP (Perkins Coie). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Twitter engaged Perkins Coie on January 29, 2021, to represent the company in connection with a civil investigative demand (CID) issued by the Attorney General of Texas, Ken Paxton, dated January 13, 2021.

3. I am one of the attorneys on the Perkins Coie team representing Twitter in that matter.

4. On January 29, 2021, I contacted the Attorney General's Office (C. Brad Schuelke, Assistant Attorney General for the Attorney General's Consumer Protection Division) regarding the CID to Twitter. On February 1, 2021, the Perkins Coie team obtained an extension, until February 16, 2021, of Twitter's deadline to respond to the CID and/or to object to it.

5. On February 5, 2021, Twitter made a production of documents to the Attorney General's Office, expressly preserving objections to the CID. This production contained Twitter's publicly-available current and past Terms of Service and current and past Privacy Policies since January 1, 2017 as well as the currently operative version of the Twitter Rules (https://help.twitter.com/en/rules-and-policies/twitter-rules) and associated external policies for the United States.

6. On February 8, 2021, the Perkins Coie team obtained a further extension, until February 23, 2021, for Twitter to respond to the CID and/or object to it.

7. On February 17, 2021, Twitter made a further production of documents to the Attorney General's Office, expressly preserving objections to the CID. This production consisted of publicly-available current advertising policies, a publicly-available log of updates to such policies back to February 2019, and posts from the Twitter Blog back to January 2017.

8. On February 19, 2021, the Perkins Coie team obtained a further extension, until March 2, 2021, for Twitter to respond to and/or object to the CID. On February 24, 2021, the Perkins Coie team sought a further extension, until March 12, 2021, for Twitter to respond to and/or object to the CID. On February 26, 2021, the Attorney General's Office agreed to extend Twitter's deadline to respond to and/or object to the CID only to March 8, 2021.

9. On March 8, 2021, Twitter made a third production of documents to the Attorney General's Office, expressly preserving objections to the CID. This production contained written testimony and opening statements Twitter has provided to Congress regarding Twitter's content moderation practices.

10. Collectively, Twitter has produced approximately 1,800 pages of materials to the Attorney General's Office.

11. On February 8, 2021 and February 24, 2021, the Perkins Coie team conferred with the Attorney General's Office in a good faith effort to clarify the CID (Mr. Schuelke attended both calls and Paul Singer, of the Attorney General's Office, attended the February 8, 2021 call). During these meetings, the Perkins Coie team asked that the scope of the CID be limited in several ways, such as by excluding the CID's requests relating to Parler Inc. ("Parler"), and excluding internal policies and procedures related to content moderation on Twitter's platform.

12. With respect to the CID's demand for communications with and relating to Parler, the Perkins Coie team pointed out to the Attorney General's representatives that Twitter had not suspended Parler's Twitter account, or otherwise taken any content moderation actions with respect to Parler. The Attorney General's Office nonetheless did not agree to withdraw or modify the two requests relating to Parler.

13. With respect to the CID's demand for Twitter's internal content moderation policies and procedures, in the February 24 meeting, the Perkins Coie team pointed out that the CID was

overly broad because it sought all of Twitter's internal content moderation policies and procedures, such as policies on suicide and self-harm. The Perkins Coie team also explained that producing internal policies and procedures raised significant security concerns, in that the requested documents would function as a roadmap for anyone seeking to abuse Twitter's platform. The Attorney General's Office confirmed that it was nonetheless interested in all such policies and did not identify particular content moderation policies of interest or otherwise agree to narrow the CID in any way.

14. In light of Twitter's security concerns about internal content moderation policies and procedures becoming public, the Perkins Coie team asked about available confidentiality protections. The Attorney General's Office explained that the confidentiality provisions of the Texas Deceptive Trade Practices Act [Tex. Bus. & Com. Code § 17.61(f)] apply and offer more protection than it could agree to under a negotiated confidentiality agreement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of March 2021 in Dallas, Texas.

By:  /s/ Hayden Schottlaender
     Hayden Schottlaender

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated: March 8, 2021            By:    */s/ Mark Flanagan*
                                              Mark D. Flanagan

ActiveUS 185639722v.1

5                                    DECLARATION OF HAYDEN SCHOTTLAENDER

ActiveUS 185645294v.1

**CERTIFICATE OF SERVICE**

I, Mark D. Flanagan, herby certify that on March 8, 2021, I served the attached document via electronic mail upon the following address, per consent of all parties.

Brad.schuelke@oag.texas.gov

DATED: March 8, 2021
/s/ Mark D. Flanagan
Mark D. Flanagan

MARK D. FLANAGAN (CA Bar No. 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:  (650) 858-6047
Facsimile:  (650) 858-6100

*Attorney for Plaintiff*
**TWITTER, INC.**