1

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
PATRICK K. SWEETEN (*pro hac vice*)
   Email: patrick.sweeten@oag.texas.gov
WILLIAM T. THOMPSON (*pro hac vice*)
   Email: will.thompson@oag.texas.gov
RYAN D. WALTERS (*pro hac vice*)
    Email: ryan.walters@oag.texas.gov
P.O. Box 12548 (MC-009)
Austin, Tx 78711-2548
Tel.: 512.936.1414
Fax: 512936.0545

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
Michael K. Johnson, SB#130193
   Email: michael.johnson@lewisbrisbois.com
2185 N. California Blvd., Suite 300
Walnut Creek, CA 94596
Tel.: 925.357.3456
Fax: 925.478.3260

Attorneys for Defendant KEN PAXTON IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>       Plaintiff,<br><br>     v.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>       Defendant. | CASE NO: 3:21-cv-1644-MMC<br><br>**DECLARATION OF BRAD SCHUELKE IN SUPPORT OF DEFENDANT KEN PAXTON'S RESPONSE IN OPPOSITION TO TWITTER'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>**Date:**    **May 7, 2021**<br>**Time:**   **9:00 a.m.**<br>**Crtrm:**  **7, 19th floor** |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## DECLARATION OF BRAD SCHUELKE

I, Brad Schuelke, declare as follows:

1.    I am an Assistant Attorney General in the Consumer Protection Division of the Office of the Attorney General of Texas. I am over the age of eighteen (18) and have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    For several years, the Consumer Protection Division has received consumer complaints against Twitter, Inc. ("Twitter") relating to allegedly biased, discriminatory, and unfair content moderation enforcement practices, policies, and procedures.

3.    CPD has been investigating potential violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Texas Bus. & Comm. Code §§17.41 *et seq.*, by multiple "BigTech" companies, including Twitter, since September 2018.

4.    On January 13, 2021 and pursuant to §17.61 of the DTPA, I issued a civil investigative demand ("CID") to Twitter, which was sent via U.S. certified mail on January 14, 2021 to Twitter's headquarters.

5.    A true and correct copy of the CID I issued to Twitter is attached hereto as "Exhibit 1". The CID stated that it "is relevant to the subject matter of an investigation of possible violations of sections 17.46(a) and (b) of the DTPA in Twitter's representations and practices regarding what can be posted on its platform." That same day, similar CIDs were sent to several other BigTech companies, including Google and Facebook.

6.    The CID directed to Twitter included just five (5) requests for documents and materials.

7.    In the instructions contained in the CID directed to Twitter, a procedure for withholding documents the recipient claims to be privileged is outlined, subject to production of a privilege log. Ex. 1 at Ex. B ¶ 7.  And a procedure for designating documents Twitter contends contain trade secrets under Section 17.61(f) of the DTPA is also described. *Id.* at Ex. B ¶ 8. The CID also provides Twitter the opportunity to meet and confer with the Consumer Protection Division to discuss, address, and attempt to resolve any relevant issues as to

DECLARATION OF BRAD SCHUELKE IN SUPPORT OF DEFENDANT KEN PAXTON'S RESPONSE IN OPPOSITION TO TWITTER'S MOTION FOR PRELIMINARY INJUNCTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

protected status, form and manner of claims of protected status to be asserted, submission of Electronic Stored Information, and any proposed modifications limiting the scope or response of any request in the CID. *Id.* ¶ 2. The CID issued to Twitter provided that their response was due February 2, 2021.

8.      Following the issuance of the CID to Twitter, I participated in multiple phone calls with counsel for Twitter and engaged in multiple email exchanges to discuss the CID.  A true and correct copy of emails exchanged between me and counsel for Twitter from January 29, 2021 to February 26, 2021 are attached as "Exhibit 2".

9.      On Friday afternoon, January 29, 2021, Hayden Schottlaender of Perkins Coie called me and discussed the CID. Schottlaender represented that Twitter did not receive the CID until that day, January 29, 2021, and advised that one of Twitter's law firms, Perkins Coie, was not retained until January 29, 2021. Schottlaender represented that Twitter did not immediately receive the CID due to office closures due to COVID-19. Additionally, Schottlaender requested an extension of the return date of the CID of two weeks. I agreed to a two week extension, subject to Schottlaender's assurance that Twitter would demonstrate its intention to cooperate in the investigation by providing some of the more readily accessible items requested by the CID, including responses to requests 1 and 2. We also discussed setting a time the following week to discuss the scope of some of the other requests.

10.     On Friday, January 29, 2021 at 6:16 PM (central time), Schottlaender sent an email to me following our phone conversation. *Id*. Schottlaender again requested that the return date for the CID be extended from February 2, 2021 to February 16, 2021. *Id.*

11.     In follow-up emails on Friday, January 29, 2021 through Monday, February 1, 2021, Schottlaender and I negotiated terms of the extension. *Id.* One of the terms Schottlaender requested was "that any voluntary production that Twitter would make responsive to Requests 1 and 2 would not prejudice Twitter's right to object or otherwise seek to modify or set aside your CID pursuant to Tex. Bus. & Comm. Code ? 17.61(g)[.]" *Id.*

12.     On Sunday, January 31, 2021, at 6:23 PM (Central), I wrote Twitter's counsel to assure them that "it is my intention to work with you and your client on a reasonable

DECLARATION OF BRAD SCHUELKE IN SUPPORT OF DEFENDANT KEN PAXTON'S RESPONSE IN OPPOSITION TO TWITTER'S MOTION FOR PRELIMINARY INJUNCTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

production schedule." *Id*.

13. On Monday, February 1, 2021, at approximately 10:30 AM (Central), Schottlaender responded, noting that they "are trusting that your office will be reasonable in agreeing to extend the deadline" in regard to "complete production on Request No. 1 and 2," and that there was a "need to meet and confer on Requests No. 3-5 before work on them can begin." *Id*.

14. Throughout that day, Schottlaender and I continued negotiating the terms of the extension of the CID with Twitter. *Id*. At 1:39 PM (central), Twitter agreed to the following terms:

> *Twitter will begin producing documents on a rolling basis in response to Requests 1 and 2 no later than February 5.

> *The State will grant Twitter until February 16 to produce remaining responsive materials; provided, however, before February 16, Twitter and the State will meet and confer to resolve in good faith any disputes regarding the burden, scope, and timing for the requests.

> *Twitter reserves its rights to object to the CID, including moving to extend the deadline, modify, set aside, or amend.

> *The State reserves its rights to enforce the CID.
> *Id*.

15. On February 5, 2021, Twitter produced a set of documents to the Consumer Protection Division. The vast majority of documents Twitter produced, consisted of documents that are already publicly available.

16. On February 8, 2021, Twitter requested an additional extension from February 16, 2021.  In response to Twitter's latest request, I extended the deadline to February 23, 2021. *Id*. Other than the dates, the terms of the agreement were identical to the first extension. *Id*.

17. On February 19, 2021, Twitter requested an additional two-week extension, from February 23, 2021 to March 9, 2021. That same day, I agreed to extend the deadline from February 23, 2021 until March 2, 2021 and agreed to discuss whether a further extension was appropriate. *Id*.

18. On Wednesday, February 24, 2021, I participated in a telephonic meet and confer

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

conference with Twitter's attorneys, Hayden Schottlaender, Janis Kestenbaum, and Lauren Tsuji. During the call we had an extensive discussion regarding the purpose of our investigation and the relevance of the requested documents to our investigations. Further, in an attempt to reach reasonable limits on the scope of our requests, I asked Twitter's counsel for any information they could provide regarding the burden the requests might impose on Twitter (e.g. whether they had conducted any preliminary searches to establish approximately how many documents may be responsive). Moreover, I invited Twitter's counsel to provide any suggested limits to the requests. During the call, Twitter's counsel provided no substantive information regarding the burden or suggestions regarding possible limitations.

19.     During the February 24th meet and confer, Twitter's counsel also raised the issue of the confidential and sensitive nature of some of the requested documents. I explained the robust confidentiality protections provided by § 17.61 of the DTPA. I further offered, if Twitter was not satisfied with just the statutory protections, to discuss additional protections pursuant to a confidentiality agreement.

20.     During the call on February 24, 2021, Twitter requested an additional extension from March 2, 2021 to March 12, 2021. Twitter followed up with a written request on Friday, February 26, 2021. *Id*. Kestenbaum then sent another email on that same day noting their request was "for a brief, reasonable extension of the time to respond and/or move to limit or set aside the CID." *Id*. At 11:06 PM (central), I responded and granted "Twitter an extension until Monday, March 8th to respond to the CID." *Id*. In my response I noted that "I am hopeful that this will give us time to reach an agreement regarding the scope of the requests" and that "I am hopeful that the additional time will give us time to make significant progress toward finding an agreement regarding the scope of documents to be produced. To that end, I would propose another call on Wednesday or Thursday of next week." *Id*.

21.     Kestenbaum replied, confirming the terms of the agreement. *Id*. Kestenbaum then addressed the continuation of negotiations and represented that "[w]e'll be in touch next week about setting up our next meet and confer. We appreciate your willingness to engage on the issues." *Id*. Twitter's counsel did not contact me the following week to set up a meet and

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

confer. Further, at no point before March 8, 2021 did Kestenbaum, nor any other attorney from Twitter, represent that negotiations were not going to continue.

22.     On March 8, 2021, Twitter produced eleven additional documents consisting of 120 pages all of which were publicly available materials.

23.     On March 8, 2021, just before 6:00 PM (central), Patrick J. Carome of WilmerHale— Twitter's new legal counsel— for the first time, called and alerted me that they had filed a lawsuit and were in the process of obtaining a setting for a temporary restraining order later that day in the United States District Court for Northern District of California, San Francisco Division. Twitter requested that the Consumer Protection Division enter into a standstill agreement—or else Twitter would move quickly to get its motion before a judge that evening.

24.     After the phone call, Carome sent me a follow-up email and we began correspondence over email. A true and correct copy of emails exchanged between myself and Carome on March 8, 2021 are attached as "Exhibit 3".

25.     Since the CID was issued, the Consumer Protection Division negotiated and made agreements with Twitter to extend their deadlines three times, and was prepared to extend the deadline further if necessary and if we were able to continue to make progress on negotiations on the scope of the requests. I advised Twitter as to the strong privacy protections required by the DTPA and provided in the CID and expressed that I would be willing to discuss further confidentiality protections.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of March 2021, in Austin, Travis County, Texas.

_____/s/ Brad Schuelke_____
Brad Schuelke

DECLARATION OF BRAD SCHUELKE IN SUPPORT OF DEFENDANT KEN PAXTON'S RESPONSE IN OPPOSITION TO TWITTER'S MOTION FOR PRELIMINARY INJUNCTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CERTIFICATE OF SERVICE**
***Twitter Inc. v. Ken Paxton, et. al.***
USDC-ND, San Francisco Division, Case No. 3:21-cv-1644-MMC

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 29, 2021, I served the following document:

**DECLARATION OF BRAD SCHUELKE IN SUPPORT OF DEFENDANT KEN PAXTON'S RESPONSE IN OPPOSITION TO TWITTER'S MOTION FOR PRELIMINARY INJUNCTION, w/ Exhibits 1 through 3**

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the document with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to all persons registered by the Court to receive Notifications of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  March 29, 2021                    */s/ Sandra Hayes*
                                          Sandra Hayes


**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

*Twitter Inc. v. Ken Paxton, et. al.*
USDC-ND, San Francisco Division, Case No. 3:21-cv-1644-MMC

# EXHIBIT 1
(Copy of the CID I issued to Twitter )



**OFFICE OF THE ATTORNEY GENERAL**
**CONSUMER PROTECTION DIVISION**

# CIVIL INVESTIGATIVE DEMAND

**TO:**   **Twitter, Inc.**
1355 Market Street, Suite 900
San Francisco, CA 94103

Pursuant to this office's specific authority under section 17.61 of the Texas Deceptive Trade Practices – Consumer Protection Act, sections 17.41-.63, Texas Business and Commerce Code ("DTPA"), you are hereby directed to produce the items listed in Exhibit "C" attached hereto. Such production is governed by the instructions and definitions on this page and subsequent pages.

You are to make available the documentary material described in Exhibit "C" to the undersigned Assistant Attorney General, or other authorized agent(s) identified by the Consumer Protection Division ("Division"). This documentary material shall be produced by February 2, 2021, ("return date") for inspection and copying.  You may deliver true copies of the requested documents by the return date in lieu of producing the originals for inspection and copying. Copies of the requested materials may be sent to the Authorized Agent(s) below at the Office of the Attorney General, P.O. Box 12548 (MC-076), Austin, TX 78711-2548.

This Civil Investigative Demand is relevant to the subject matter of an investigation of possible violations of sections 17.46(a) and (b) of the DTPA in Twitter's representations and practices regarding what can be posted on its platform.

> **TAKE NOTICE THAT pursuant to § 17.62, TEX. BUS. & COM. CODE, any person who attempts to avoid, evade, or prevent compliance, in whole or in part, with this directive by removing, concealing, withholding, destroying, mutilating, altering, or by any other means falsifying any documentary material may be guilty of a misdemeanor and on conviction is punishable by a fine of not more than $5,000.00 or by confinement in the county jail for not more than one year, or both.**

**ISSUED THIS 13th day of January, 2021.**


_____/s/_____
**C. Brad Schuelke**
**Assistant Attorney General**
**P.O. Box 12548 (MC-076)**
**Austin, Texas 78711-2548**
**(512) 463-2185**

# EXHIBIT A—Definitions

## Definitions

1. "**Content**" means any and all information or media, including but not limited to text, picture files, video files, or audio files.

2. "**Content moderation**" means any action taken by You, including but limited to policies, human review processes, algorithms and machine learning, to limit, control or prevent the display of content on your platform, or to limit, control or prevent access to content on your platform.

3. "**Document**" means the original and all non-identical copies (whether different from the original because of notes, underlining, attachments, or otherwise) of all computer files, and all written, printed, graphic or recorded material of every kind, regardless of authorship. It includes communications in words, symbols, pictures, photographs, sounds, films, and tapes, as well as electronically stored information, computer files, together with all codes and/or programming instructions and other materials necessary to understand and use such systems. The term "computer files" includes information stored in or accessible through computers or other information retrieval systems and includes but is not limited to drafts of documents, metadata, embedded, hidden and other bibliographic or historical data describing or relating to documents created, revised, or distributed on computer systems, as well as spreadsheets and their underlying cell formulae and other codes. Thus, you should produce documents that exist in machine-readable form, including documents stored in personal computers, portable computers, workstations, minicomputers, phones, pagers, personal data/digital assistants, archival voice storage systems, group and collaborative tools, electronic messaging devices, mainframes, servers, backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether on or off your premises. This definition covers electronic mail messages ("e-mail"), text messages, voice mail, and all other documents in the possession of you and/or your directors, officers, managers, or employees, whether located at their home or office, whether on work or personal devices. Notice: Unless otherwise specified, the term "document" excludes bills of lading, invoices in non-electronic form, customs declarations, purchase orders, and other similar documents of a purely transactional nature, and also excludes architectural plans and engineering blueprints.

4. "**Entity**" means legal or business entity of any kind and includes, without limitation, corporations, partnerships, joint ventures, associations, governmental bodies, and trusts.

5. "**Identify**" means

   a. Regarding an individual, to identify that individual's:

      i. name;

   ii.  title;

   iii.  present business affiliation;

   iv.  current or last known telephone numbers at business and home; and

   v.  current or last known business and home addresses.

  b.  Regarding a Person other than an individual, to identify:

   i.  its full name;

   ii.  the nature of its organization;

   iii.  the address and telephone number of its principal offices and, if applicable, the state in which it is incorporated; and

   iv.  its principal line of business or activity.

  c.  Regarding any other tangible thing, to identify:

   i.  what it is, giving a reasonably detailed description thereof;

   ii.  when, where, and how it was made, if applicable;

   iii.  who made it, if applicable; and

   iv.  its current custodian or the person that had last known possession, custody, or control thereof

6. "**Including**" means including, but not limited to.

7. "**Person**" means any individual person or entity.

8. "**Platform**" means any website or resource managed or controlled by You on which you permit third-parties to post content or access content.

9. "**Post**" means to upload, copy, link or otherwise make available content.

10. "**Relate**," "**related**," and "**relating**" mean being in any way legally, logically, or factually connected with the subject matter of the request at issue.

11. "**User**" means a person who accesses or posts content on the platform, including but not limited to persons who post or access advertising content.

12. "**You**" and "**Your**" shall mean Twitter, Inc. and all of its parent companies, subsidiary companies, sister companies, and other entities owned, controlled, or directed by Twitter, Inc.

13. The words "**and**" and "**or**" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of the request, any document(s) that might be deemed outside its scope by another construction.

14. Unless the context otherwise clearly indicates, words used in the singular include the plural, the plural includes the singular, and the neuter gender includes the masculine and the feminine.

## **EXHIBIT B—Instructions**

1.    **Read These Instruction/Definitions.** Read these instructions and definitions carefully.

2.    **Meet and Confer**:  Please contact the undersigned, as soon as possible to schedule a meeting (telephonic or in person) in order to discuss compliance and to address and attempt to resolve all issues, including issues related to protected status, the form and manner in which claims of protected status will be asserted, the submission of Electronic Stored Information, and any proposed modifications limiting the scope of the required search or response for any request.

3.    **Duty to Preserve Documents**.  All documents and/or other data which relate to the subject matter or requests of this Civil Investigative Demand must be preserved. ***Any ongoing, scheduled or other process of document or data destruction involving such documents or data must cease even if it is your normal or routine course of business for you to delete or destroy such documents or data and even if you believe such documents or data are protected from discovery by privilege or otherwise.*** Failure to preserve such documents or data may result in legal action and may be regarded as spoliation of evidence under applicable law.

4.    **Relevant Dates**.  Unless otherwise noted, the requests in this Civil Investigative Demand require production of documents for each year from January 1, 2017, to the date you received this Civil Investigative Demand, herein called "the relevant time period."

5.    **Custody & Control.**  In responding to this Civil Investigative Demand, you are required to produce not only all requested documents in your physical possession, but also all requested documents within your custody and control, including those within the possession of persons reasonably available to you or under your direction or control.

6.    **Identification of Documents not in Custody or Control.**  If any responsive document was, but no longer is, in your possession, custody or control, produce a description of each such document.  The description shall include the following:

    a.    The name of each author, sender, creator, and initiator of such document;

    b.    the name of each recipient, addressee, or party for whom such document was intended;

    c.    the date the document was created;

    d.    the date(s) the document was in use;

    e.    a detailed description of the content of the document;

    f.    the reason it is no longer in your possession, custody or control; and

g.    the document's present whereabouts.

If the document is no longer in existence, in addition to providing the information indicated above, state on whose instructions the document was destroyed or otherwise disposed of, and the date and manner of the destruction or disposal.

7.    **Privileged Documents**.  If any responsive document is withheld, in whole or in part, under any claim of privilege, provide a detailed privilege log that contains at least the following information for each document or partial document that you have withheld:

a.    the document's control numbers;

b.    all authors of the document;

c.    all addressees of the document;

d.    all recipients of the document or of any copies of the document, to the extent not included among the document's addressees;

e.    the date of the document;

f.    a description of the subject matter of the document sufficient to determine the applicability of the privilege;

g.    the nature or type of the privilege that is being asserted for the document (e.g., "attorney-client privilege");

h.    the specification(s) of the Demand to which the document is responsive;

i.    the document control number(s) of any attachments to the document, regardless of whether any privilege is being asserted for such attachment(s); and

j.    whether the document has been produced in redacted form, and if so, the range of the control numbers for the document.

8.    **Trade Secrets.**  It is your responsibility to clearly designate which, if any, of the requested documents contain trade secrets, in accordance with Section 17.61(f) of the Texas Business & Commerce Code.

9.    **Production of Electronic Stored Information.**  Before you prepare documents or information for production in electronic form in order to comply with this Civil Investigative Demand (for example, before you attempt to process electronically stored information or image hard copy documents), you must consult with the undersigned and reach agreement regarding the format and method of production.  Unless otherwise agreed to in writing by the designated OAG representative, electronically stored information shall be produced in electronic form.

10.   **Non-identical Copies to be Produced.**  Identical copies of responsive documents need not be produced.  However, any copy of a document that differs in any manner, including but not limited to the presence of handwritten notations, different senders or recipients, etc. shall be produced.

11.   **No Redaction**.  All materials or documents produced in response to this Civil Investigative Demand shall be produced, except as deemed privileged, in complete unabridged, unedited and un-redacted form, even if portions may contain information not explicitly requested, or might include interim or final editions of a document.

12.   **Document Organization.**  Each document and other tangible thing produced shall be clearly designated as to which Request, and each sub-part of a Request, that it satisfies. The documents produced shall be identified and segregated to correspond with the number and subsection of the request.

13.   **Sensitive Personally Identifiable Information:** If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production.

14.   In any situation in which it is not clear in which capacity you are responding, you are to designate all relevant capacities.

15.   If responses to any request are different for more than one group or category of persons, please respond separately for each relevant category or group of persons and clearly identify to whom each response is applicable. By way of example only, if your content moderation policies and practices are different for advertising users as compared to non-advertising users, respond to each request separately for advertising users and non-advertising users.

16.   All document requests are continuing in nature so as to require supplementary documents if you obtain further responsive documents.

# EXHIBIT C

## Requests

1. Produce a copy of all terms of use, terms of service, or other terms to which users must agree in order to post or access content on your platform, including but not limited to all revised documents relating to terms of use, terms of service, or other terms to which users must agree during the time from January 1, 2017 to the present. For each version of terms produced in response to this request, indicate the time frame during which it was in use.

2. Produce a copy of all your policies and procedures related to content moderation on your platform, including any policies or procedures that limit the reach or visibility of content intended for public viewers, including but not limited to all revised policies and procedures related to content moderation on the platform during the time from January 1, 2017 to the present. For each version of terms produced in response to this request, indicate the time frame during which it was in use.

3. Produce a copy of all public statements you have made regarding your policies and/or procedures related to content moderation on the platform, including but not limited to statements made or caused to be made to the media, to advertisers, to legislators, and on your website and/or blog during the time from January 1, 2017 to the present.

4. Produce a copy of all communications you have had, between January 1, 2019, and the present, with the social media platform Parler.com, Parler, Inc., or any of its owners, employees, or agents.

5. Produce a copy of all communications, internal and to third parties, you have had, between January 1, 2019, and the present, regarding the social media platform Parler.com or Parler, Inc. Include but do not limit your response to any communications with governmental entities, Google LLC, Apple Inc., Facebook, Inc., and Amazon Web Services, Inc.

*Twitter Inc. v. Ken Paxton, et. al.*
USDC-ND, San Francisco Division, Case No. 3:21-cv-1644-MMC

# EXHIBIT 2

(Copy of emails exchanged between me and counsel for Twitter from January 29, 2021 to
February 26, 2021)

| | |
|---|---|
| **From:** | Kestenbaum, Janis C. (Perkins Coie) |
| **To:** | Schuelke, Brad; Schottlaender, Hayden (Perkins Coie) |
| **Cc:** | Singer, Paul; Tsuji, Lauren (Perkins Coie); Farmer, Kristine (Perkins Coie) |
| **Date:** | Friday, February 26, 2021 10:50:58 PM |

Brad,

We appreciate your getting back to us tonight and understand your agreement of an extension to March 8th to be an extension of the date to respond to the CID along with Twitter's right to object to the CID, including moving to extend the deadline, modify, or set aside.  We also understand that the State reserves its rights to enforce the CID.  If we have misunderstood, please let us know by reply email tonight.

We'll be in touch next week about setting up our next meet and confer.  We appreciate your willingness to engage on the issues.

Best,
Janis

---

**From:** Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
**Sent:** Friday, February 26, 2021 11:06 PM
**To:** Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
**Cc:** Singer, Paul <Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine (DAL) <KFarmer@perkinscoie.com>
**Subject:** Re: CID to Twitter Inc.

Janis, I have been authorized to grant Twitter an extension until Monday, March 8th to respond to the CID. I am hopeful that this will give us time to reach an agreement regarding the scope of the requests.

While I appreciate the documents that have been produced, they largely consist of publicly available documents. Moreover, despite several conversations, we have failed to make much progress and your client has demonstrated little interest in producing documents that we believe are clearly relevant to our investigation of Twitter's practices, as well as investigations of the practices of other social media companies. In fact, your client's response to date stands in contrast to other parties to whom we have sent CIDs.

Nevertheless, I am hopeful that the additional time will give us time to make significant progress toward finding an agreement regarding the scope of documents to be produced. To that end, I would propose another call on Wednesday or Thursday of next week.

Brad

---

**From:** Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>

**Sent:** Friday, February 26, 2021 7:23 PM
**To:** Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>; Schuelke, Brad
<Brad.Schuelke@oag.texas.gov>
**Cc:** Singer, Paul <Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie)
<LTsuji@perkinscoie.com>; Farmer, Kristine (Perkins Coie) <KFarmer@perkinscoie.com>
**Subject:** RE: CID to Twitter Inc.

Hi Brad --
When we spoke on Wednesday Feb. 24 and proposed an extension until March 12, you said you
thought you could get approval for that timing but needed to check with your office, and I
understand that you told Hayden by phone this afternoon that you needed to check with your
superiors again.

Twitter has made two productions to the State in short order after it became aware of the CID on
January 29th.  It has amply demonstrated its good faith and cooperation with the State's
investigation and has asked for a brief, reasonable extension of the time to respond and/or move to
limit or set aside the CID.  Given that our current agreement expires on March 2 and that it is the
evening of Friday 2/26, we would very much appreciate a response as soon as possible so that we do
not have to spend the weekend drafting a motion.

We ask that you please reply with an answer this evening.

Best,
Janis


**Janis Claire Kestenbaum** | **Perkins Coie LLP**
PARTNER
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
D. +1.202.654.6393
F. +1.202.654.9680
E. JKestenbaum@perkinscoie.com




-----Original Message-----
From: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Sent: Friday, February 26, 2021 1:22 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Hi Brad:

When we spoke earlier this week, we discussed that Twitter will need additional time to prepare the next production. And, as we discussed, there are several outstanding questions both on your end and ours regarding the scope of the requests. We proposed 3/12 as a date for our next production, and we asked that the state move Twitter's deadline to move to set aside or modify the CID to that date as well.

Could you please confirm that the state agrees to that extension?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Friday, February 19, 2021 2:25 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Hayden, we will agree to extend Twitter's deadline to respond to the CID until Tuesday, March 2, 2021. On our call next Wednesday, we can discuss whether a further extension is appropriate.

Thanks

Brad

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Friday, February 19, 2021 12:05 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>; Farmer,
Kristine (Perkins Coie) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad:

Checking calendars now. But I believe Tuesday 2/23 is our current deadline to move to set aside or modify the CID. In light of our recent large production, and in furtherance of our continued discussions, could we agree to another 2 week extension to 3/9?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Friday, February 19, 2021 11:59 AM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Hayden, we are currently not available on Tuesday. Could you do Wednesday at 2:00 CT?

Brad

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Wednesday, February 17, 2021 4:39 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>; Farmer,
Kristine (Perkins Coie) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Apologies but Janis has appointments on Monday afternoon that can't be moved. Any time between 10:30 CT and Noon CT on Tuesday?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300

Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Wednesday, February 17, 2021 4:37 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Would 1pm CT work?

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Wednesday, February 17, 2021 4:23 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>; Farmer,
Kristine (Perkins Coie) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad:

That would be 6AM for Lauren. Could you all do 10AM CT?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Wednesday, February 17, 2021 4:21 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine

(DAL) <[KFarmer@perkinscoie.com](mailto:KFarmer@perkinscoie.com)>
Subject: RE: CID to Twitter Inc.

Can you do Monday at 8:00 am CT?

_____
From: Schottlaender, Hayden (Perkins Coie) [HSchottlaender@perkinscoie.com]
Sent: Wednesday, February 17, 2021 2:38 PM
To: Schuelke, Brad
Cc: Kestenbaum, Janis C. (Perkins Coie); Singer, Paul; Tsuji, Lauren (Perkins Coie); Farmer, Kristine
(Perkins Coie)
Subject: RE: CID to Twitter Inc.

Thanks, Brad. I believe we'll be uploading the production today.

As for a call - tomorrow afternoon is booked on our end. Anything Friday afternoon? Or Monday
morning?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. [HSchottlaender@perkinscoie.com](mailto:HSchottlaender@perkinscoie.com)

-----Original Message-----
From: Schuelke, Brad <[Brad.Schuelke@oag.texas.gov](mailto:Brad.Schuelke@oag.texas.gov)>
Sent: Wednesday, February 17, 2021 2:15 PM
To: Schottlaender, Hayden (DAL) <[HSchottlaender@perkinscoie.com](mailto:HSchottlaender@perkinscoie.com)>
Cc: Kestenbaum, Janis C. (WDC) <[JKestenbaum@perkinscoie.com](mailto:JKestenbaum@perkinscoie.com)>; Singer, Paul
<[Paul.Singer@oag.texas.gov](mailto:Paul.Singer@oag.texas.gov)>; Tsuji, Lauren (SEA) <[LTsuji@perkinscoie.com](mailto:LTsuji@perkinscoie.com)>; Farmer, S. Kristine
(DAL) <[KFarmer@perkinscoie.com](mailto:KFarmer@perkinscoie.com)>
Subject: RE: CID to Twitter Inc.

Hayden:

You should now have the links.

As for a time, can you do tomorrow at 4:30 CT?

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <[HSchottlaender@perkinscoie.com](mailto:HSchottlaender@perkinscoie.com)>
Sent: Tuesday, February 16, 2021 8:44 PM

To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>; Farmer,
Kristine (Perkins Coie) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Thanks, Brad. We didn't receive an upload link but will be on the lookout over the next couple of
days. I hope Michael is well and staying warm--truly brutal times!

Still trying to coordinate availability on Friday but 10:30 CT is not ideal as Ms. Tsuji on our side will be
in a hearing at that time. Do you have anything available in the afternoon?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Tuesday, February 16, 2021 1:17 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Thanks, Hayden. I have asked Michael O'Leary to send you another upload link, but our office is
closed today and I am not sure if Michael has power.

As for a call, are you available Friday, 10:30 am CT?

Brad

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Tuesday, February 16, 2021 12:45 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>; Farmer,
Kristine (Perkins Coie) <KFarmer@perkinscoie.com>

Subject: RE: CID to Twitter Inc.

Brad:

Hope that you and Paul are staying warm and that you've got power. We Texans aren't built for this cold!

In order to make this production today, could you all please send over another encrypted upload link? And, separately, would a call later this week be alright with you, per my email below? If not, and your office wants to stick to having a meeting today regardless of what we've been able to learn, please let us know what time you'd like to get on the phone.

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schottlaender, Hayden (DAL)
Sent: Friday, February 12, 2021 6:25 PM
To: 'Schuelke, Brad' <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; 'Singer, Paul'
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad:

It's looking like we'll be set to make another large production to your office on Tuesday. We hope that it will address many of the questions you raised on our last call.

We are continuing to chase down some of the remaining answers but Twitter was closed today and is also closed for the Monday holiday. As a result, we don't know that a call on Tuesday would be terribly productive. And we believe you may need time to see the records that we produce that day. Could we move our 2/16 meet and confer to Friday, 2/19? If so, please let us know times that you are available.

Hayden

Hayden Schottlaender | Perkins Coie LLP

ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schottlaender, Hayden (DAL)
Sent: Tuesday, February 9, 2021 10:11 PM
To: 'Schuelke, Brad' <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad:

On behalf of Twitter, we agree, and note that while Twitter continues to reserve its rights to object
to and contest the CID, we are also working to make a further production by 2/16, though no
assurances that will be possible.

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Monday, February 8, 2021 10:46 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

All -

Thank you again for taking the time to meet and confer this afternoon regarding the CID.

Paul and I have had a chance to confer and are willing to agree to the following:

*The State will extend until February 23rd Twitter's deadline to respond to the CID; *The parties agree to meet and confer on February 16th (or earlier) to further discuss and seek to resolve disputes regarding the burden, scope, and timing for the outstanding requests; *Twitter reserves its rights to object to the CID, including moving to extend the deadline, modify, set aside, or amend; *The State reserves its rights to enforce the CID.

During our next February 16th meet and confer, we can evaluate whether to further extend the deadline to respond to the CID, taking into account what documents have been produced by that time and the scope and burden of further anticipated responses.

Please let me know if the above is agreeable.

Brad


-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Monday, February 8, 2021 6:01 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul <Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>; Farmer, Kristine (Perkins Coie) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad and Paul:

Thank you for the call today, it was most productive. Have you had an opportunity yet to confirm whether Twitter may have an additional extension on its deadline to object to or petition to set aside the CID?

Thank you,

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----

From: Schottlaender, Hayden (DAL)
Sent: Friday, February 5, 2021 4:24 PM
To: 'Schuelke, Brad' <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; 'Singer, Paul'
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad:

Kristine has just uploaded Twitter's responses and production via the link you sent over. Please let us
know if you have any troubles accessing those materials.

Have a good weekend,

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schottlaender, Hayden (DAL)
Sent: Thursday, February 4, 2021 7:13 PM
To: 'Schuelke, Brad' <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>; Farmer, S. Kristine
(DAL) <KFarmer@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

[Adding Kristine Farmer, who will manage the actual production]

Brad,

That link would be great; Kristine will try to use that to upload. Otherwise, we can use our own
encrypted upload software. One way or another we'll get you the documents securely.

Let's plan on 1 on Monday. I'll send you a calendar invite now.

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Thursday, February 4, 2021 6:40 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Thanks, Hayden. Let me know you need me to send a SecureShare link through which you can
upload the documents.

As for next week, we could do Monday between 1-3. Let me know if there is a time in that window
that works for you.

Brad

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Thursday, February 4, 2021 4:59 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (Perkins Coie) <LTsuji@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

Brad:

As agreed, you will receive Twitter's initial production in this matter tomorrow. It is a rather large
production and we hope that with it, you will see that Twitter is proceeding here in good faith.

We have also gathered more information from Twitter and are now ready to conference regarding
the remainder of the CID. Do you have any availability early next week - perhaps Monday or
Tuesday?

Thank you,

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schottlaender, Hayden (DAL)
Sent: Monday, February 1, 2021 1:39 PM
To: 'Schuelke, Brad' <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>; Tsuji, Lauren (SEA) <LTsuji@perkinscoie.com>
Subject: RE: CID to Twitter Inc.

[Adding my colleague Lauren Tsuji]

Thank you, Brad. Appreciate the confirmation. Twitter is agreed on these terms.

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Monday, February 1, 2021 12:33 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>
Subject: RE: CID to Twitter Inc.

Hayden, I took the language from your initial paragraph and certainly agree that the right to object
includes the right to request that the CID be set aside. For the sake of clarity, please confirm your
agreement to the following:

*Twitter will begin producing documents on a rolling basis in response to Requests 1 and 2 no later
than February 5.
*The State will grant Twitter until February 16 to produce remaining responsive materials; provided,

however, before February 16, Twitter and the State will meet and confer to resolve in good faith any disputes regarding the burden, scope, and timing for the requests.
*Twitter reserves its rights to object to the CID, including moving to extend the deadline, modify, set aside, or amend.
*The State reserves its rights to enforce the CID.

Brad

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Monday, February 1, 2021 12:18 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul <Paul.Singer@oag.texas.gov>
Subject: RE: CID to Twitter Inc.

Brad,

The only change I can see here is that the words "set aside" have been left out. Can you confirm that under your proposal Twitter would have until 2/16 to move to set aside the CID?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Monday, February 1, 2021 11:45 AM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul <Paul.Singer@oag.texas.gov>
Subject: RE: CID to Twitter Inc.

Thanks, Hayden. I think we are in agreement, but for the sake of simplicity and clarity, we propose:

*Twitter will begin producing documents on a rolling basis in response to Requests 1 and 2 no later than February 5.
*The State will grant Twitter until February 16 to produce remaining responsive materials; provided, however, before February 16, Twitter and the State will meet and confer to resolve in good faith any

disputes regarding the burden, scope, and timing for the requests.
*Twitter reserves its rights to object to the CID, including moving to extend the deadline, modify, or amend.
*The State reserves its rights to enforce the CID.

Please confirm.

Brad

-----Original Message-----
From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Monday, February 1, 2021 10:30 AM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul <Paul.Singer@oag.texas.gov>
Subject: RE: CID to Twitter Inc.

Brad:

We appreciate that this is a significant priority for your office and will endeavor to move things forward as quickly as possible. We can get started producing documents in response to Requests Nos. and 1 and 2 by February 5 and are willing to have the formal return date for the CID moved to February 16 to enable the parties by then to meet and confer and see if we can reach agreement as to burden, scope and timing of response and, if not, give Twitter the opportunity to object, including moving to extend the deadline, modify, or amend.  But, to be clear, we may need beyond February 16 to complete the production on Request No. 1 and 2, and are trusting that your office will be reasonable in agreeing to extend the deadline in that regard, and need to meet and confer on Requests No. 3-5 before work on them can begin.

We believe this is consistent with your offer, but to be clear:

*Twitter will begin producing documents on a rolling basis in response to Requests 1 and 2 no later than February 5.
*The State will grant Twitter until February 16 to produce remaining responsive materials or otherwise move to extend its deadline, or move to modify or set aside the CID.
*Before February 16, Twitter and the State will meet and confer to resolve in good faith any disputes regarding the burden, scope, and timing for the requests.
*Twitter reserves its rights to object to the CID.
*The State reserves its rights to enforce the CID.

Please confirm that the above accurately represents our agreement.

Thank you,

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com

-----Original Message-----
From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Sent: Sunday, January 31, 2021 7:47 PM
To: Schottlaender, Hayden (DAL) <HSchottlaender@perkinscoie.com>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com>; Singer, Paul
<Paul.Singer@oag.texas.gov>
Subject: RE: CID to Twitter Inc.

Sorry, point one should be Feb. 5th.

Twitter commits to cooperating with the CID and will begin producing documents on a rolling basis,
starting with responses to requests No. 1 and 2 no later than February 5th;
_____
From: Schuelke, Brad
Sent: Sunday, January 31, 2021 6:23 PM
To: Schottlaender, Hayden (Perkins Coie)
Cc: Kestenbaum, Janis C. (Perkins Coie); Singer, Paul
Subject: RE: CID to Twitter Inc.

Hayden:

Thank you for your email. As I mentioned on the phone Friday evening, this matter is a significant
priority for our office and while I understand that your client may have just opened their mail
recently, the fact is that we issued the CID several weeks ago. That is why we discussed on Friday the
importance of your client producing as much responsive material as possible, as soon as possible.
That said, it is my intention to work with you and your client on a reasonable production schedule.

I would propose the following agreement:


  *  Twitter commits to cooperating with the CID and will begin producing documents on a rolling
basis, starting with responses to requests No. 1 and 2 no later than March 5th;
  *  The State will grant a two-week extension to the February 2nd deadline (new deadline is
February 16th);
  *  The parties will meet and confer and seek to resolve in good faith any disputes regarding the
burden or scope of any of the requests;

* Twitter reserves its rights to assert an objection to the CID;
* The State reserves its rights to enforce the CID.

Please let me know if this agreement is acceptable to you and your client.

Brad

From: Schottlaender, Hayden (Perkins Coie) <HSchottlaender@perkinscoie.com>
Sent: Sunday, January 31, 2021 2:28 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov>
Cc: Kestenbaum, Janis C. (Perkins Coie) <JKestenbaum@perkinscoie.com>; Singer, Paul <Paul.Singer@oag.texas.gov>
Subject: RE: CID to Twitter Inc.

Hi Brad,

Just following up on this question. As you can imagine, our client is quite anxious to learn whether we can come to an agreement or not here, given the impending return date. Motions practice at this juncture would not seem necessary or efficient but please let us know if that's the route your office wants to go.

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com<mailto:%20HSchottlaender@perkinscoie.com>

From: Schottlaender, Hayden (DAL)
Sent: Friday, January 29, 2021 8:46 PM
To: 'Schuelke, Brad' <Brad.Schuelke@oag.texas.gov<mailto:Brad.Schuelke@oag.texas.gov>>
Cc: Kestenbaum, Janis C. (WDC) <JKestenbaum@perkinscoie.com<mailto:JKestenbaum@perkinscoie.com>>; Singer, Paul <Paul.Singer@oag.texas.gov<mailto:Paul.Singer@oag.texas.gov>>
Subject: RE: CID to Twitter Inc.

Brad:

Thank you for the prompt response. As I said, I have not yet had an opportunity to speak to our client about what documents, if any, it would be willing to produce. In bringing this back to Twitter, would you agree that any voluntary production that Twitter would make responsive to Requests 1

and 2 would not prejudice Twitter's right to object or otherwise seek to modify or set aside your CID pursuant to Tex. Bus. & Comm. Code ? 17.61(g)?

Hayden

Hayden Schottlaender | Perkins Coie LLP
ASSOCIATE - Commercial Litigation (Privacy & Security)
500 N. Akard Street Suite 3300
Dallas, TX 75201
D. +1.214.965.7724
F. +1.214.965.7774
E. HSchottlaender@perkinscoie.com<mailto:%20HSchottlaender@perkinscoie.com>
[cid:image001.jpg@01D6F7FC.4B45E760]

From: Schuelke, Brad <Brad.Schuelke@oag.texas.gov<mailto:Brad.Schuelke@oag.texas.gov>>
Sent: Friday, January 29, 2021 8:15 PM
To: Schottlaender, Hayden (DAL)
<HSchottlaender@perkinscoie.com<mailto:HSchottlaender@perkinscoie.com>>
Cc: Kestenbaum, Janis C. (WDC)
<JKestenbaum@perkinscoie.com<mailto:JKestenbaum@perkinscoie.com>>; Singer, Paul
<Paul.Singer@oag.texas.gov<mailto:Paul.Singer@oag.texas.gov>>
Subject: Re: CID to Twitter Inc.

Thanks, Hayden. To further clarify our conversation, I believe that while I did agree to extend the deadline two weeks, that was subject to your assurance that your client would demonstrate its intention to cooperate in the investigation by  producing some of the easier items starting next week, including responses to requests numbers 1 and 2. I also believe we discussed talking further next week re the scope of some of the other requests.  Please let me know if you agree with my summary of our agreement above, and I look forward to talking further next week.


C. Brad Schuelke
Special Litigation Counsel, Consumer Protection Division Texas Attorney General's Office
512-463-1269
brad.schuelke@oag.texas.gov<mailto:brad.schuelke@oag.texas.gov>

_____

From: Schottlaender, Hayden (Perkins Coie)
<HSchottlaender@perkinscoie.com<mailto:HSchottlaender@perkinscoie.com>>
Sent: Friday, January 29, 2021 6:16 PM
To: Schuelke, Brad <Brad.Schuelke@oag.texas.gov<mailto:Brad.Schuelke@oag.texas.gov>>
Cc: Kestenbaum, Janis C. (Perkins Coie)
<JKestenbaum@perkinscoie.com<mailto:JKestenbaum@perkinscoie.com>>
Subject: CID to Twitter Inc.

Mr. Schuelke:

Thank you for the brief call this afternoon. I appreciate your time and apologize for the Friday afternoon intrusion. As I mentioned, this firm represents Twitter with respect to the CID that your office sent to them. I have also copied my colleague, Janis Kestenbaum, who is managing this matter.

As we discussed, due to office closures and constraints imposed by COVID-19, Twitter did not receive the CID until today, and we were therefore not retained until today. Could you please confirm at your earliest convenience that you are amenable to extending Twitter's return date by two weeks? It is currently set for February 2, and the new return date would be February 16, 2021.

Thank you and we look forward to working together.

Hayden

Hayden Schottlaender | Perkins Coie LLP

ASSOCIATE

500 N. Akard Street Suite 3300

Dallas, TX 75201

D. +1.214.965.7724

F. +1.214.965.7774

E. HSchottlaender@perkinscoie.com<mailto:%20HSchottlaender@perkinscoie.com>

_____

NOTICE: This communication may contain privileged or other confidential information. If you have

received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

*Twitter Inc. v. Ken Paxton, et. al.*
USDC-ND, San Francisco Division, Case No. 3:21-cv-1644-MMC

# EXHIBIT 3

(Copy of emails exchanged between myself and Carome on March 8, 2021)

| | |
|---|---|
| **From:** | Carome, Patrick |
| **To:** | Schuelke, Brad |
| **Cc:** | Flanagan, Mark; Neiman, Peter; Holtzblatt, Ari; Sivaram, Anuradha; Pelletier, Susan M. |
| **Subject:** | RE: Twitter v. AG (ND CA) |
| **Date:** | Monday, March 8, 2021 7:43:50 PM |

Brad,

As we discussed, based on your representation that the AG will not take any action seeking to enforce the CID or otherwise pursue the related investigation against Twitter for a period of at least 7 days – through March 15 – we have ceased efforts to schedule a TRO hearing for this evening. Let's plan to speak in the morning about the details of a standstill agreement that will more fully address our still pending TRO motion.  Please let me know what times you are available and we can set up a time.  Have a good evening.

Regards,

Pat

**Patrick J. Carome | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6610
patrick.carome@wilmerhale.com | www.wilmerhale.com

---

**From:** Carome, Patrick
**Sent:** Monday, March 8, 2021 8:09 PM
**To:** 'Brad.schuelke@oag.texas.gov' <Brad.schuelke@oag.texas.gov>
**Cc:** Flanagan, Mark <Mark.Flanagan@wilmerhale.com>; Neiman, Peter <Peter.Neiman@wilmerhale.com>; Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Sivaram, Anuradha <Anuradha.Sivaram@wilmerhale.com>; Pelletier, Susan M. <Susan.Pelletier@wilmerhale.com>
**Subject:** RE: Twitter v. AG (ND CA)

Brad – here is our TRO Application and Brief.  I will follow up very shortly with you by email to confirm the discussion we just had on the phone as to a 7-day standstill.  One of my colleagues will forward to you shortly all other papers that were filed today.

Regards

Pat

**Patrick J. Carome | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA

+1 202 663 6610
[patrick.carome@wilmerhale.com](mailto:patrick.carome@wilmerhale.com) | [www.wilmerhale.com](http://www.wilmerhale.com)

---

**From:** Carome, Patrick
**Sent:** Monday, March 8, 2021 6:54 PM
**To:** 'Brad.schuelke@oag.texas.gov' <[Brad.schuelke@oag.texas.gov](mailto:Brad.schuelke@oag.texas.gov)>
**Cc:** Flanagan, Mark <[Mark.Flanagan@wilmerhale.com](mailto:Mark.Flanagan@wilmerhale.com)>; Neiman, Peter
<[Peter.Neiman@wilmerhale.com](mailto:Peter.Neiman@wilmerhale.com)>; Holtzblatt, Ari <[Ari.Holtzblatt@wilmerhale.com](mailto:Ari.Holtzblatt@wilmerhale.com)>; Sivaram,
Anuradha <[Anuradha.Sivaram@wilmerhale.com](mailto:Anuradha.Sivaram@wilmerhale.com)>; Pelletier, Susan M.
<[Susan.Pelletier@wilmerhale.com](mailto:Susan.Pelletier@wilmerhale.com)>
**Subject:** Twitter v. AG (ND CA)
**Importance:** High

Brad,

Thank you for taking our call.  Attached is the as-filed complaint.  The TRO papers are in the process
of being filed and we will forward those to you as soon as possible.  Please let us know ASAP whether
the AG will agree to the standstill terms we described.  If not, we will proceed quickly to try to get
before a judge this afternoon.  Again, my cell number is 202-460-3438.

Regards,

Pat

**Patrick J. Carome | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6610
[patrick.carome@wilmerhale.com](mailto:patrick.carome@wilmerhale.com) | [www.wilmerhale.com](http://www.wilmerhale.com)