Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Ave
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Counsel for Amicus Curiae*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KEN PAXTON, in his official capacity as Attorney General of Texas,<br><br>　　　　　Defendant. | Case No.: 3:21-cv-01644-MMC<br><br>**MOTION FOR LEAVE TO FILE [PROPOSED] BRIEF OF MARIA RUTENBURG AS AMICUS CURIAE IN SUPPORT OF DEFENDANT** |

i

Proposed amicus curiae, Maria Rutenburg, respectfully moves this Court for leave to submit the attached amicus curiae brief in support of Defendant and in opposition to Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Plaintiff's Motion"). The proposed brief is attached to this motion.

Maria Rutenburg is the plaintiff in another action against Twitter, Inc. ("Twitter") that may impact the results of this case. *See Rutenburg v. Twitter*, No. 4:21-cv-00548-YGR (Amended Complaint Filed N.D. Cal. Jan. 26, 2021) ("Rutenburg"). Ms. Rutenburg is a real estate broker and an attorney residing in Redwood City, California. *See* Am. Compl., ¶ 13. Ms. Rutenburg is an active Twitter user who was trying to like and comment on three of former President Trump's Tweets on the topic of election integrity. *Id.* at ¶¶ 31-52. Twitter engaged in unconstitutional viewpoint discrimination under color of law because Ms. Rutenburg was arbitrarily blocked from certain topics of the former President's Tweets, a space the Second Circuit has recognized is a designated public forum. *Id.*; *Knight First Amendment Inst. v. Trump*, 302 F.Supp.3d 541, 577 (S.D.N.Y. 2018) aff'd, 928 F.3d 226 (2d Cir. 2019).[1]

An order to show cause on whether Twitter could have acted under color of law has been fully briefed and is currently before the Honorable Yvonne Gonzalez Rogers. *See Rutenburg*, Dkts. 16-20. Ms. Rutenburg argued that Twitter's conduct in arbitrarily censoring Plaintiff satisfies the color of law analysis because 1) Twitter exercised authority it was only endowed with because of governmental action and 2) regulating speech in a public forum is a power that has been both traditionally and exclusively exercised by the government. *See Rutenburg*, Dkts. 17, 20; *Lee v. Katz*, 276 F.3d, 554-55 (9th Cir. 2002).

---

[1] This case was remanded and vacated as moot due to the change in Presidential administrations. *See Biden v. Knight First Amendment Institute at Columbia University, et. al.*, 593 U.S. ___ (Apr. 5, 2021).

Twitter has not meaningfully disputed that public forums have been opened on its platform – instead, Twitter merely argues that it has *no First Amendment obligations* because it is a private corporation, and its platform is not a public forum generally. *See Rutenburg*, Dkt. 18, 11:3-13:7.

Therefore, if the court in *Rutenburg* agrees with Plaintiff that Twitter may have acted under color of law, then Twitter may eventually be held liable for a violation of the First Amendment. Twitter's motion for injunctive relief requesting a preemptive determination that its First Amendment right protects it from any statutes under consideration by the Texas Attorney General should be denied, as nothing close to Twitter's legal proposition has been determined.

For example, the case in *Rutenburg* must be litigated prior to any determination that Twitter cannot be held liable under color of law. *Rutenburg* is facing a matter of first impression. In its *Knight* decision, the Second Circuit explained it was specifically *not* deciding that issue that the court in *Rutenburg* must decide – whether a social media company administering a public forum is restricted from arbitrary censorship under the First Amendment *in the same way* that the government would be if it was in control of the forum. *Cf. Knight*, 928 F.3d at 230 ("Nor do we consider or decide whether private social media companies are bound by the First Amendment when policing their platforms.")

Counsel for Plaintiff did not respond to Ms. Rutenburg's request for its position on the filing of this brief. Defendant consented to the filing of this brief.

Federal district courts have inherent authority to consider submissions from amicus curiae in connection with proceedings pending before them. Indeed, "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate,*

*LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quotation and citation omitted). This Court appears open to accepting amicus briefs on this important case. *See* Dkts. 32-33. This discretion is liberal, requiring only that an applicant demonstrate that its "participation is useful or otherwise desirable to the court." *See Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, at *7 (N.D. Cal. Jan. 9, 2007) (quoting *In re Roxford Foods Litig.*, 790 F.Supp. 987 (E.D. Cal. 1991).

For the foregoing reasons, proposed amicus curiae MARIA RUTENBURG respectfully requests leave to file the attached brief.

DATED: April 9, 2021

/s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
480 S. Ellsworth Avenue
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Counsel for Amicus Curiae*
MARIA RUTENBURG

**PROOF OF SERVICE**

I, Mark L. Javitch, declare as follows:

I am employed in the County of San Mateo, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 480 S. Ellsworth Ave, San Mateo, California 94401, in said County and State. On April 5, 2021, I served the following document(s):

**MARIA RUTENBURG'S MOTION FOR LEAVE TO FILE AS AMICUS CURIAE IN SUPPORT OF DEFEND;**

**PROPOSED BRIEF OF MARIA RUTENBURG AS AMICUS CURIAE IN SUPPORT OF DEFENDANT**

**PROPOSED ORDER GRANTING LEAVE TO FILE AMICUS CURIAE BRIEFS**

On all the counsel of record for Twitter, Inc., stated below, by email:

Alex W. Miller
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-295-6272
Email: Alex.Miller@wilmerhale.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Ari Holtzblatt
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington, DC 20006
(202) 663-6964
Email: ari.holtzblatt@wilmerhale.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Patrick J. Carome
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
(202) 663-6000
Fax: (202) 663-6363
Email: patrick.carome@wilmerhale.com
PRO HAC VICE

| | |
|---|---|
| 1 | ATTORNEY TO BE NOTICED |
| 2 | Peter Neiman<br>Wilmer Cutler Pickering Hale and Dorr LLP |
| 3 | 7 World Trade Center<br>New York, NY 10007 |
| 4 | 212-295-6487<br>Email: Peter.Neiman@wilmerhale.com |
| 5 | PRO HAC VICE<br>ATTORNEY TO BE NOTICED |
| 6 | |
| 7 | Rishita Apsani<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center |
| 8 | 250 Greenwich Street<br>New York, NY 10007 |
| 9 | (212) 295-6477<br>Fax: (212) 230-8888 |
| 10 | Email: Rishita.Apsani@wilmerhale.com<br>PRO HAC VICE |
| 11 | ATTORNEY TO BE NOTICED |
| 12 | Susan M. Pelletier<br>Wilmer Cutler Pickering Hale and Dorr LLP |
| 13 | 1875 Pennsylvania Avenue NW<br>Washington, DC 20006 |
| 14 | 202-663-6027<br>Email: Susan.Pelletier@wilmerhale.com |
| 15 | PRO HAC VICE<br>ATTORNEY TO BE NOTICED |
| 16 | |
| 17 | Mark D. Flanagan<br>WilmerHale<br>2600 El Camino Real, Suite 400 |
| 18 | Palo Alto, CA 94306<br>650-858-6047 |
| 19 | Fax: 650-858-6100<br>Email: mark.flanagan@wilmerhale.com |
| 20 | ATTORNEY TO BE NOTICED |
| 21 | |
| 22 | Attorneys for Twitter, Inc. |
| 23 | ☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On April 9, 2021, I |
| 24 | electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing |
| 25 | |
| 26 | 5 |
| 27 | MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT |

3:21-cv-01644-MMC

(CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2021

                */s/   Mark L. Javitch*
                Mark L. Javitch