PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

PETER G. NEIMAN (*pro hac vice*)
peter.neiman@wilmerhale.com
250 Greenwich St., 45 Floor
New York, New York 10007
Telephone:  (212) 295-6487
Facsimile:  (202) 663-6363

MARK D. FLANAGAN
CA Bar No. 130303
mark.flanagan@wilmerhale.com
2600 El Camino Real #400
Palo Alto, California 94306
Telephone: (650) 858-6047
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff*
TWITTER, INC.

PATRICK K. SWEETEN (*pro hac vice*)
patrick.sweeten@oag.texas.gov
WILLIAM T. THOMPSON (*pro hac vice*)
will.thompson@oag.texas.gov
RYAN D. WALTERS (*pro hac vice*)
ryan.walters@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
    OF TEXAS
P. O. Box 12548 (MC-009)
Austin, TX 78711-2548
Telephone:  (512) 463-4139
Fax:   (512) 457-4410

*Attorneys for Defendant*
KEN PAXTON

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC.,<br><br>                    Plaintiff,<br><br>         v.<br><br>KEN PAXTON,<br>in his official capacity as Attorney General of Texas,<br><br>                    Defendant. | Case No. 3:21-cv-01644-MMC<br><br>ORDER APPROVING<br><br>**CIVIL LOCAL RULE 6-2 JOINT STIPULATION REGARDING ACCELERATION OF BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR AN INJUNCTION PENDING APPEAL** |

Pursuant to Civil Local Rules 6-2 and 7-12, the parties hereby jointly stipulate to an acceleration of the briefing schedule for Plaintiff Twitter, Inc.'s ("Twitter") Motion for an Injunction Pending Appeal. The reasons for and terms of the stipulation are as follows.

1. Twitter filed a Complaint (Dkt. 1) and Motion for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Preliminary Injunction Motion") (Dkt. 5), asserting that Defendant Texas Attorney General Ken Paxton's ("Defendant") investigation into Twitter and related civil investigative demand constitute unlawful retaliation in violation of Twitter's rights under the First Amendment of the United States Constitution.

2. The parties previously submitted a stipulation outlining the terms of a standstill agreement on March 10, 2021. Pursuant to that stipulation, this Court ordered on March 11, 2021 (Dkt. 18) that Defendant shall not seek to enforce the civil investigative demand issued to Twitter in its putative investigation of Twitter's potential violations of sections 17.46 (a) and (b) of the Texas Deceptive Trade Practices Act—Consumer Protection Act, relating to the subjects of the civil investigative demand issued on January 13, 2021, or file an enforcement lawsuit against Twitter regarding those subjects, until at least seven days after this Court's resolution of Twitter's Motion for a Preliminary Injunction, or May 7, 2021, whichever occurred first.

3. On March 29, 2021, Defendant filed a Motion to Dismiss (Dkt. 37) and a Response to Twitter's Motion for a Preliminary Injunction (Dkt. 38).

4. The parties submitted a second stipulation outlining the terms of a continued standstill agreement on May 7, 2021. Pursuant to that stipulation, this Court ordered on May 7, 2021 (Dkt. 63) that Defendant shall not seek to enforce the civil investigative demand issued to Twitter in its investigation of Twitter's potential violations of sections 17.46 (a) and (b) of the Texas Deceptive Trade Practices Act—Consumer Protection Act, relating to the subjects of the civil investigative demand issued on January 13, 2021, or file an enforcement lawsuit against Twitter regarding those subjects, before this Court's issuance of a ruling denying Twitter's Preliminary Injunction Motion, or granting Defendant's Motion to Dismiss, or May 21, 2021, whichever occurred first.

5. On May 11, 2021, this Court issued an order granting Defendant's Motion to Dismiss (Dkt. 64) and a judgment in this case (Dkt. 65) ("Order and Judgment").

6. On May 14, 2021, Twitter filed a Notice of Appeal to the Ninth Circuit Court of Appeals (Dkt. 66).

7. After entry of the Order and Judgment, the parties engaged in discussions relating to a further extension of the standstill during either the pendency of Twitter's pending appeal or at least during the pendency of applications by Twitter to this Court and/or the Ninth Circuit for an injunction pending appeal. Those discussions ended on May 26, 2021, when Defendant advised Twitter that it would not agree to any standstill agreement.

8. On May 27, 2021, Twitter filed a Motion for an Injunction Pending Appeal in this Court (Dkt. 70). Should this Court deny Twitter's motion, Twitter intends to file a Motion for an Injunction Pending Appeal in the Ninth Circuit.

9. Given the absence of any agreed standstill, Twitter seeks prompt resolution of its Motion for an Injunction Pending Appeal.

10. Accordingly, the parties have agreed to an accelerated briefing schedule, whereby Defendant's Opposition to the Motion for an Injunction Pending Appeal shall be filed by June 2, 2021, and Twitter agrees to forgo filing a reply brief in support of its Motion for an Injunction Pending Appeal.

11. If the Court believes that oral argument on Twitter's Motion for an Injunction Pending Appeal would be helpful, the parties request that such oral argument be held as soon as possible. The parties agree to dispense with oral argument if it would hinder the Court's ability to decide this motion on an expedited basis.

12. The Texas Attorney General continues to object to subject matter jurisdiction, personal jurisdiction, and venue in this Court, and reserves all other defenses to Plaintiff's Complaint. Plaintiff likewise continues to reserve all arguments it has relating to subject matter jurisdiction, personal jurisdiction, and venue in this Court, as well as all matters relating to the merits of its claim for relief and entitlement to preliminary and permanent injunctive relief and declarative relief.

13. This order complies with Civil Local Rule 6-1(b) as it does not affect a hearing or proceeding on the Court's calendar scheduled for a date within the next 14 days.

Pursuant to Civil Local Rule 7-12, Plaintiff and Defendant hereby request that the Court approve and so-order this stipulation.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.** Specifically, the parties' proposed accelerated briefing schedule is hereby APPROVED, and, unless the parties are otherwise advised, the Court will take the matter under submission as of June 2, 2021.

Dated: May 27, 2021

By: Hon. Maxine Chesney
UNITED STATES DISTRICT JUDGE