IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TWITTER, INC.,

    Plaintiff,

    v.

KEN PAXTON,

    Defendant.

Case No. 21-cv-01644-MMC

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL**

Before the Court is plaintiff Twitter, Inc.'s ("Twitter") Motion, filed May 27, 2021, "for Injunction Pending Appeal." On June 2, 2021, defendant Ken Paxton, in his official capacity as Attorney General of Texas ("Attorney General"), filed opposition. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

On March 8, 2021, Twitter filed the above-titled action, in which it alleged that, on January 13, 2021, the Attorney General issued a "Civil Investigative Demand" ("CID") (see Compl. ¶ 3, Ex. 1), by which the Attorney General seeks from Twitter specified documents described as "relevant to the subject matter of an investigation of possible violations of sections 17.46(a) and (b) of the DTPA [Texas Deceptive Trade Practices – Consumer Protection Act] in Twitter's representations and practices regarding what can be posted on its platform" (see Compl. Ex. 1). Based thereon, Twitter asserted a single Claim for Relief, brought pursuant to 42 U.S.C. § 1983 and titled "The First Amendment

---

[1] By order filed May 28, 2021, the Court approved the parties' stipulation to take the matter under submission as of the date on which the opposition was filed.

1  Bars the Attorney General's Retaliatory Investigation and Civil Investigative Demand."  As
2  relief, Twitter sought, in addition to declaratory relief, an injunction prohibiting the
3  Attorney General from "initiating any action to enforce the CID or to further the unlawful
4  investigation into Twitter's internal editorial policies and practices."  (See Compl. ¶¶ 69-
5  70.)

6  By Order filed May 11, 2021 ("May 11 Order"), the Court granted the Attorney
7  General's motion to dismiss, finding the above-titled action was premature.  That same
8  date, judgment was entered, and, on May 14, 2021, Twitter filed a notice of appeal.

9  By the instant motion, Twitter seeks an order granting a preliminary injunction
10  pending appeal.  Specifically, Twitter seeks an order enjoining the Attorney General from
11  "[i]nitiating any action to enforce the CID or to continue the investigation announced on
12  January 13, 2021[,] into Twitter's content-moderation policies and practices."  (See Pl.'s
13  Proposed Order at 3:2-6.)  In support thereof, Twitter relies on Rule 62(d) of the Federal
14  Rules of Civil Procedure, which Rule provides that "[w]hile an appeal is pending from an
15  interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves,
16  or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or
17  grant an injunction on terms for bond or other terms that secure the opposing party's
18  rights."  See Fed. R. Civ. P. 62(d).[2]

19  "In evaluating a motion for an injunction pending appeal, [courts] consider whether
20  the moving party has demonstrated [1] that they are likely to succeed on the merits,
21  [2] that they are likely to suffer irreparable harm in the absence of preliminary relief,
22  [3] that the balance of equities tips in their favor, and [4] that an injunction is in the public
23  interest."  South Bay United Pentecostal Church v. Newsom, 959 F.3d 938, 939 (9th Cir.
24  2020).  Alternatively, with respect to the first factor, a plaintiff may show "serious
25  questions going to the merits," provided the plaintiff also shows "the balance of hardships

---

[2] Twitter asserts, and the Court agrees, that the May 11 Order "effectively denied Twitter's then-pending motion for a preliminary injunction."  (See Pl.'s Mot. at 3:1-2.)

2

tips sharply in the plaintiff's favor."  See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal quotation and citation omitted).

Here, the Court finds, for reasons stated by the Attorney General (see Def.'s Opp., filed June 1, 2021, 3:18-7:28, 9:3-10:28), Twitter has not made the requisite showing as to the first factor, and, accordingly, will deny the motion.

In particular, with respect to the first factor, Twitter's claim for injunctive relief is, as discussed in greater detail in the May 11 Order, premature under Reisman v. Caplin, 375 U.S. 440 (1964) and subsequent cases applying its holding, as the CID is not self-executing and the Attorney General has taken no steps to enforce it.  See id. at 443-44, 446 (affirming, for "want of equity," dismissal of claim challenging issuance of summons, where defendant had "no power to enforce compliance or to impose sanctions for noncompliance"; finding plaintiff had "adequate remedy at law," as "enforcement action" by agency would "afford[ ] a judicial determination of the challenges to the summons").

Although Twitter now raises a new argument, namely, that financial penalties may be imposed if a court were to find Twitter violated the DPTA, the Attorney General here, unlike the investigative agencies in the cases cited in the Court's May 11 Order, has no authority to itself impose such sanction and there is no evidence before the Court to suggest the Attorney General has threatened to file an action pursuant to the DPTA, nor is there any evidence otherwise suggesting such filing is imminent.  Cf. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 382 (1992) (holding injunctive relief proper where state attorney general threatened to file action alleging violation of consumer protection statute).

Consequently, the first factor does not weigh in favor of issuance of a preliminary injunction, and, in light thereof, the Court does not address herein the second, third, and fourth factors.  See DISH Network Corp. v. Federal Communications Comm'n, 653 F.3d 771, 776-77 (9th Cir. 2011) (holding where plaintiff fails to demonstrate first factor weighs in its favor, a court "need not consider the remaining three").

//

1      Accordingly, Twitter's motion is hereby DENIED.

2      **IT IS SO ORDERED.**

4  Dated: June 8, 2021

_____
MAXINE M. CHESNEY
United States District Judge