**FILED**

JUN 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TWITTER, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KEN PAXTON, in his official capacity as Attorney General of Texas, <br><br> Defendant-Appellee. | No. 21-15869 <br><br> D.C. No. 3:21-cv-01644-MMC <br> Northern District of California, <br> San Francisco <br><br> ORDER |

Before: SILVERMAN, NGUYEN, and R. NELSON, Circuit Judges.

Order by Judges NGUYEN and R. NELSON, Dissent by Judge SILVERMAN

The motion for an injunction pending appeal (Docket Entry No. 11) is denied.

Twitter has not shown that it is likely to succeed on the merits. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). We preliminarily conclude that Twitter's motion for injunctive relief is premature. *See Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2000) (*quoting Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1138–39 (9th Cir. 2000) (en banc)). Here, there is no indication that any action has been taken to enforce the Civil Investigative Demand ("CID") and Paxton appears to lack authority to sanction Twitter for failure to comply with the CID without first filing a separate enforcement action. *See*

*Reisman v. Caplin*, 375 U.S. 440, 449 (1964); *accord Google, Inc. v. Hood*, 822 F.3d 212, 226 (5th Cir. 2016) (rejecting Google's pre-enforcement challenge because the state's non-self-executing subpoena was "not ripe for review").

Moreover, Twitter has not provided facts sufficient to support a real risk of imminent harm through self-censorship or otherwise. Twitter's vague allegation of a chilling effect on its internal moderation deliberations, without more, is insufficient to satisfy its burden to establish imminent harm necessary for issuance of an injunction.

Twitter relies on inapposite cases where plaintiffs raise challenges to state statutes. *See Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088 (9th Cir. 2003); *Wolfson*, 616 F.3d 1045. In those cases, there was no question that plaintiffs were subject to the statutes at issue nor was there any question regarding the state's authority to enforce those statutes. But the CID here appears to be non-self-executing. We therefore deny the injunction. *See Winter*, 555 U.S. at 20.

As this is a preliminary analysis, we defer a final determination of ripeness to the merits panel.

**DENIED.**

SILVERMAN, Circuit Judge, dissenting:

The district court never reached the merits of Twitter's original request for preliminary injunctive relief. It never got that far. It dismissed the case as unripe. I respectfully disagree.

Twitter alleges that Texas Attorney General Ken Paxton has *already* commenced an investigation in retaliation for its exercise of its First Amendment rights. Twitter alleges (and it is undisputed) that the investigation has in fact *begun*. Twitter further alleges that its First Amendment rights have *already* been chilled by Paxton's having sicced his investigators on it for political reasons. An allegation that a person, company, or the people who run the company would be chilled – and chilled immediately – by such action is not implausible.

We have given greater latitude in ripeness inquiries in the context of First Amendment claims. *Wolfson v. Brammer*, 616 F.3d, 1045, 1058 (9th Cir. 2000). For example, in First Amendment challenges to state statutes, we don't require actual enforcement of the statute in order for the challenge to be ripe for review. *See California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003). And we've already recognized that a chilling effect on First Amendment activity can be sufficient "injury in fact" to sustain jurisdiction, even where the investigation is merely threatened. *See, e.g., Arizona Right to Life Political Action Committee v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003). As we said in

3

*Wolfson*, "[t]he Supreme Court has repeatedly pointed out the necessity of allowing pre-enforcement challenges to avoid the chilling of speech." 616 F.3d at 1060.

In sum: (1) the Texas Attorney General's investigation is not just threatened, but is presently underway; and (2) Twitter has plausibly alleged that the chilling effect was felt immediately – as soon as Twitter learned that it was in Paxton's cross hairs because of how it handled President Trump's Twitter account. That's ripe enough for me. We can't deal with green bananas, but they needn't have turned brown, either.

Because the claim is ripe, the next question is whether the motion for an injunction pending appeal should be granted. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Furthermore, Paxton has not shown he'd suffer any significant harm in the event of an injunction, particularly since he had previously agreed to what has been referred to as a "standstill agreement." Therefore, I conclude that the balance of hardships tips in Twitter's favor.

Because Twitter is likely to prevail on its appeal of the ripeness ruling, and because Twitter is likely to suffer irreparable harm in the absence of temporary injunctive relief, I would grant the injunction pending full resolution of the appeal.

Such a ruling would enjoin Paxton from presently enforcing the "civil investigation demand" he initiated, and would merely have the effect of keeping in place the "standstill agreement" he previously stipulated to, until this appeal is decided one way or the other.